# UNITED STATES DISTRICT COURT

FILED
CHARLOTTE, NC

OCT 0 1 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

Western District of North Carolina
Charlotte Division

Jaziray McFadden,
Plaintiff,

v.

Golden Goose Retail USA LLC
c/o Corporation Service Company
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

Principal Office:

120 Broadway, 33rd Floor, New
York, NY 10271

Defendant.

Civil Action No: 3:25-CV-753-FDW

# COMPLAINT

Plaintiff, Jaziray McFadden, brings this action against Defendant Golden Goose USA, Inc., and alleges as follows:

## 1. Jurisdiction and Venue

This Court has jurisdiction over this matter under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as this case involves claims of race discrimination, retaliation, and hostile work environment. Venue is proper in this District because the events giving rise to these claims occurred in Charlotte, North Carolina, where Plaintiff was employed by Defendant.

## 2. Parties

Plaintiff, Jaziray McFadden, is an individual residing in Mecklenburg County, North Carolina. Plaintiff may be reached at: P.O. Box 9835, Pineville-Matthews Rd #14, Pineville, NC 28134. Phone: (704) 858-1468. Email: Jaziraymcfadden1@gmail.com.

Defendant, Golden Goose USA, Inc., is a corporation organized under the laws of Delaware and authorized to do business in North Carolina. Defendant maintains a principal office at 120 Broadway,

Floor 33, New York, NY 10004, and may be served through its North Carolina Registered Agent, Paracorp Incorporated, located at 176 Mine Lake Ct #100, Raleigh, NC 27615.

## 3. Factual Allegations

Beginning in 2024, Plaintiff was subjected to disparate treatment, biased disciplinary write-ups and hostile conduct by management. Plaintiff received multiple write-ups using harmful stereotypes (e.g., "difficult," "combative"), while a similarly situated non-Black employee engaged in serious misconduct without discipline.

On August 6, 2024, shortly after contacting HR regarding issues with her manager, Plaintiff received her first written warning, labeled as "Coaching/Counseling." In late October 2024, Plaintiff received a second write-up and was called into a meeting with HR representatives. In November 2024, Plaintiff raised further concerns to the Regional Manager. That same month, the store manager went on maternity leave. During the six months of the manager's absence, Plaintiff had no performance issues and no disciplinary reports from the assistant manager. On May 4, 2025, the manager returned, and by May 30, 2025, Plaintiff was once again reported to HR, showing retaliation tied to the manager's presence.

The manager admitted that she included her "inner thoughts" in Plaintiff's personnel file, creating biased and subjective records that harmed Plaintiff's professional reputation. The manager also escalated a routine monthly "touch base" meeting into a formal Performance Improvement Plan (PIP), despite no prior indication of performance problems.

A non-Black employee repeatedly cursed at the store manager and the previous assistant manager, belittled them, and openly disrespected management. Despite this behavior, the employee was not disciplined and was instead recently promoted. In contrast, Plaintiff was disciplined for minor and subjective matters, such as being labeled "combative" or allegedly failing to greet the manager.

Plaintiff repeatedly reported these issues to Human Resources and has recordings of three separate HR representatives acknowledging that her concerns were valid and that the manager's conduct was problematic. Despite these acknowledgments, Defendant failed to take corrective action. Instead, retaliation against Plaintiff continued, and her work environment worsened.

Despite repeatedly bringing these issues to HR's attention, Plaintiff's concerns were ignored while retaliation intensified. The involvement of **HR and the Regional Manager** proves that this was not an isolated conflict between an employee and a store manager. It was a **systemic failure within Golden Goose USA, Inc.** in which multiple levels of management including **Human Resources and Regional leadership** knowingly participated in or approved the retaliatory actions against the Plaintiff.

The company's internal process for addressing discrimination and retaliation complaints failed entirely. Rather than investigating or intervening, HR **validated** false documentation and reinforced management's retaliatory behavior. This demonstrated a **breakdown of corporate accountability** and revealed a deeper problem within the company's leadership culture one that allowed retaliation to become normalized rather than corrected.

The coordinated actions of the store manager, **the Regional Manager**, and HR reflect a **pattern of systemic misconduct**, not a one-time incident. The company's leadership structure enabled and supported unlawful retaliation, making this a case of **organizational negligence and willful disregard for employee rights** under federal law.

The harassment and retaliation caused Plaintiff severe emotional distress. Plaintiff was forced to call out of work and use accrued Paid Time Off (PTO) due to the stress and anxiety caused by the hostile environment. Plaintiff also experienced loss of sleep, withdrawal from family and friends, and was compelled to seek therapy to address the ongoing work-related distress.

In July 2025, the store manager was terminated from employment. However, by that time the damage to Plaintiff's career and well-being had already been done, including biased records in her personnel file, unfair disciplinary actions, and lasting retaliation. Plaintiff continues to suffer from the impact of this treatment and is currently in therapy to address the work-related distress, anxiety, and harm caused by Defendant's conduct.

Defendant's actions were deliberate, discriminatory, and in direct violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

## 4. Claims for Relief

Count I – Race Discrimination (Title VII)
Count II – Retaliation (Title VII)
Count III – Hostile Work Environment

## 5. Relief Requested

Plaintiff respectfully requests the Court grant the following relief:
- **Compensatory and punitive damages in the amount of $275,500 (Two Hundred Seventy-Five Thousand Five Hundred Dollars)** for emotional distress, retaliation, and discrimination in violation of Title VII of the Civil Rights Act of 1964.
- Severance compensation:
 - Reimbursement of therapy expenses and filing costs.
 - Removal of all negative disciplinary records from Plaintiff's employment file.
- Written confirmation of a neutral employment reference from Defendant.
- Early release from employment under mutually agreed severance terms.
- All court fees and any attorney's fees incurred should counsel later be retained.
- Order Defendant to produce and preserve all records, emails, text messages, The Regional manager's WhatsApp messages, notes, and other communications involving or referencing Plaintiff, including all HR documentation and internal correspondence related to disciplinary actions,
- Any other relief the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

Jaziray McFadden, Pro Se
P.O. Box 9835
Pineville-Matthews Rd #14
Pineville, NC 28134
Phone: (704) 858-1468
Email: Jaziraymcfadden1@gmail.com